**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Keyla Mesch and Victor Adams, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Third Round, L.P., Second Round, L.P. and Second Round Sub, LLC,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Keyla Mesch and Victor Adams, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Third Round, L.P., Second Round, L.P. and Second Round Sub, LLC, (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Keyla Mesch is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff Victor Adams is an individual who is a citizen of the State of New York residing in New York County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Third Round, L.P., is a Texas Limited Partnership with a principal place of business in Travis County, Texas.

9. On information and belief, Defendant Second Round, L.P., is a Texas Limited Partnership with a principal place of business in Travis County, Texas.

10. On information and belief, Defendant Second Round Sub, LLC, is a Texas Limited Liability Company with a principal place of business in Travis County, Texas.

11. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers, and are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

12. Defendants allege Plaintiffs owe a debt ("the Debts").

13. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

14. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

15. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

16. In their efforts to collect the debt allegedly owed by Plaintiff Mesch, Defendants Third Round, L.P. and Second Round Sub, LLC contacted Plaintiff Mesch by letter ("the Mesch Letter") dated November 16, 2017. (**Exhibit 1.**)

17. In their efforts to collect the debt allegedly owed by Plaintiff Adams, Defendants Third Round, L.P. and Second Round, L.P. contacted Plaintiff Adams by letter ("the Adams Letter") dated January 18, 2018. (**Exhibit 2.**)

18. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

2

19. The letters are materially identical as related to Plaintiffs' claims.

20. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

21. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

22. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

23. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

24. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

25. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

26. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

27. Knowing the identity of creditor to whom the debt.

28. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

29. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

30. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

31. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

32. The Mesch Letter identifies Defendant Second Round Sub, LLC as the "Current Creditor."

33. The Adams Letter identifies Defendant Second Round, LP as the "Current Creditor."

34. Both letters are on letterhead that references only "SECONDROUND."

35. Both letters state "Third Round L.P. is excited to offer you 2 money saving options to take care of this account."

36. The Mesch Letter contains no explanation as to Defendant Third Round L.P.'s relationship to Defendant Second Round Sub, LLC.

37. The Adams Letter contains no explanation as to Defendant Third Round L.P.'s relationship to Defendant Second Round, LP.

38. Neither letter contains an explanation of Defendant Third Round L.P.'s relationship to Plaintiffs' debts.

39. The least sophisticated consumer would likely be uncertain as to whether payment to Defendant Third Round L.P., as requested, would resolve her debt with Defendant Second Round Sub, LLC.

40. The least sophisticated consumer would likely be uncertain as to whether payment to Defendant Third Round L.P., as requested, would resolve her debt with Defendant Second Round, LP.

41. The least sophisticated consumer would likely be confused as to whether the creditor to whom the debt is owed is Defendant Third Round L.P, or Defendant Second Round, LP, or Defendant Second Round Sub, LLC.

42. The least sophisticated consumer would likely be uncertain as to whether the creditor to whom the debt is owed is Defendant Third Round L.P, or Defendant Second Round, LP, or Defendant Second Round Sub, LLC.

43. Defendants failed to explicitly state the name of the creditor to whom the debt is owed.

44. Defendants failed to clearly state the name of the creditor to whom the debt is owed.

45. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

46. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

47. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

meaning of 15 U.S.C. § 1692e.

48. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

49. The least sophisticated consumer would likely be deceived by the Letter.

50. The least sophisticated consumer would likely be deceived in a material way by the Letter.

51. Defendants violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## **CLASS ALLEGATIONS**

52. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using a collection letter substantially similar to the letters used herein, from one year before the date of this Complaint to the present.

53. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

54. Defendants regularly engage in debt collection.

55. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using a collection letter substantially similar to the letters used herein.

56. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

57. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

declaratory relief is warranted.

58. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

59. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiffs as Class Representative of the Class, and Plaintiffs' attorneys as Class Counsel; and

c. Find that Defendants' actions violate the FDCPA; and

d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiffs' costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: September 10, 2018

**BARSHAY SANDERS, PLLC**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 116155

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530